IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-01468-WJM-BNB

SOLIDFX, LLC,

Plaintiff,

v.

JEPPESEN SANDERSON, INC.,

Defendant.

_____

# ORDER
_____

This matter arises on **Jeppesen Sanderson, Inc.'s Motion to Stay Antitrust Discovery** [Doc. # 21, filed 8/3/2011] (the "Motion to Stay"), which is DENIED.

SOLIDFX is a software company that develops software applications that allow customers to access, organize, and use critical data.  In 2009, SOLIDFX and Jeppesen entered into a five year license agreement that "provided that Jeppesen and SOLIDFX would cooperate to allow SOLIDFX to develop and sell software applications ('apps') that would allow pilots to access Jeppesen's terminal charts electronically."  Scheduling Order [Doc. # 17] at p. 3.

SOLIDFX asserts that Jeppesen breached its contract with SOLIDFX and violated Sections 1 and 2 of the Sherman Act through the following conduct:

> On May 26, 2010, after several months of stalling, Jeppesen finally informed SOLIDFX that it would not allow others, including SOLIDFX, to develop an app for the iPad.  Jeppesen further informed SOLIDFX that Jeppesen was developing its own iPad app and that '[d]irect competition with a Jeppesen offerings *[sic]* will generally be avoided.'  In subsequent meetings, Jeppesen confirmed that its decision to deny SOLIDFX the right to develop an iPad app was motivated by its desire to exclude competition.

> Jeppesen later denied SOLIDFX the right to develop apps for other hardware platforms and operating systems. Upon information and belief, Jeppesen has denied access to the market to other potential competitors and currently controls nearly 100% of the market for apps that display Jeppesen terminal charts.

Id.

With respect to the antitrust claims, Jeppesen defends its conduct as follows:

> *First*, federal copyright law grants Jeppesen a legal monopoly over its copyrighted material, including how to display and distribute that material. Put simply, Jeppesen has the statutory right to choose how to distribute its copyrighted charts, and case law is clear that antitrust law does not prohibit the exercise of that exclusivity.
>
> *Second*, SOLIDFX cannot make out a claim for illegal tying because the allegedly tied product (Jeppesen's charts) is not distinct from the tying product (the App)--the App is simply another way for Jeppesen's subscribers to view a product (the charts) that they have already purchased.
>
> *Third*, SOLIDFX's antitrust claims are divorced from the competitive realities of the charts market. SOLIDFX has defined the market as a single product--Jeppesen's own charts--and its claims are premised on Jeppesen having monopoly power over this single product. But *any* company has monopoly power over a market that is defined as the company's own product. In reality, Jeppesen faces significant competition in aviation charts and iPad applications. With regard to charts, Jeppesen competes with both commercial chart providers and governmental entities, the latter of which make their charts available to pilots at little to no cost. With regard to applications, a recent *New York Times* article reported that there are more than 250 aviation Apps for the iPad, and pointed to a chart application called ForeFlight--which directly competes with Jeppesen's App--as one of the top grossing Apps on iTunes.

Id. at pp. 5-6.

Jeppesen has moved to dismiss all of SOLIDFX's claims. Motion to Dismiss [Doc. # 14]. In the meantime, the Motion to Stay seeks an order staying all antitrust discovery pending a ruling on Jeppesen's motion to dismiss.

The Federal Rules of Civil Procedure presume that discovery may proceed despite the filing of a motion to dismiss, absent special provisions such as those provided in the Private Securities Litigation Reform Act or in connection with a motion seeking dismissal based on qualified immunity. See Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P., 2008 WL 8465061 *1 (S.D. Tex. August 11, 2008). Although Jeppesen relies heavily on the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), that decision does not "erect an automatic, blanket prohibition on any and all discovery before an antitrust plaintiff's complaint survives a motion to dismiss." In re Graphics Processing Units Antitrust Litigation, 2007 WL 2127577 *4 (N.D. Calif. July 24, 2007). In addition, the court in Graphics Processing noted:

> [T]o allow antitrust discovery prior to sustaining a complaint would defeat one of the rationales of Twombly, at least when the discovery would be burdensome. When, however, the discovery would not be so burdensome, a closer question is presented, a question calling for the exercise of discretion and the balancing of competing factors.

Id.

In an antitrust case, as in every case, the decision to issue a protective order staying discovery pending the ruling on a motion to dismiss rests in the sound discretion of the district court. Christou v. Beatport, LLC, 2011 WL 650377 *1 (D. Colo. Feb 10, 2011). In that regard:

> A party seeking a protective order under Rule 26(c) has the burden of demonstrating good cause and cannot sustain that burden simply by offering conclusory statements. Accordingly, the party moving

> for a protective order must make a particular and specific demonstration of fact in support of its request. The underlying principle in determination of whether to grant or deny a stay clearly is that the right to proceed in court should not be denied except under the most extreme circumstances.

Id. (internal quotations and citations omitted). As a result, stays of discovery pending rulings on motions to dismiss generally are disfavored in this district. Id.

In considering whether to grant a stay:

> Five factors have been universally recognized as being critical to a proper balancing of the competing interests at stake. Those factors are: (1) the interests of the plaintiff in proceeding expeditiously with the civil action and the potential prejudice to plaintiffs of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

Federal Deposit Ins. Corp. v. Renda, 1987 WL 348635 *2 (D. Kan. Aug. 6, 1987); accord String Cheese Incident, LLC v. Stylus Shows, Inc., 2006 WL 894955 *3 (D. Colo. March 30, 2006)(same). Considering these factors leads me to conclude that the stay requested here is not warranted and should be denied.

    1. The Plaintiff's Interest in Proceeding Expeditiously: In this district, the average time from the filing to determination of dispositive motions exceeds six months. Thus, a stay is likely to postpone discovery for a substantial period of time. In addition, motions to dismiss are denied far more often than they are granted. From a purely statistical standpoint, the extended delay normally is not justified.

    SOLIDFX argues persuasively that it is a small company and that it cannot survive a substantial delay. In addition, SOLIDFX notes that "[b]ecause third parties are not subject to a litigation hold related to this matter, the longer this case is delayed, the greater the likelihood that

evidence will be inadvertently destroyed or lost, or that witnesses' memories will have faded." Response [Doc. # 32] at pp. 7-8.

      2. The Burden on the Defendant: Jeppesen argues generally that antitrust discovery is burdensome, but it fails to point to any pending discovery and provide evidence as to the burden it imposes.[1]  Consequently, Jeppesen has failed to "make a particular and specific demonstration of fact in support" of the claimed need for a stay.  See Christou, 2011 WL 650377 at *1.

      In addition, the burden of antitrust discovery in this case appears to be substantially less than that involved in Twombly.  There, a putative class composed of "all subscribers of local telephone and/or highspeed internet services" since 1996 brought antitrust claims against the four Incumbent Local Exchange Carriers who "allegedly control 90 percent or more of the market for local telephone service in the 48 contiguous States."  Twombly, 550 U.S. at 550. This action, by contrast, is brought by one company against another based on events surrounding an alleged breach of a contract in May 2010.  The scope of the cases, and the likely discovery associated with them, is vastly different.

      Jeppesen does not seek to stay all discovery.  Instead, it recognizes that discovery related to SOLIDFX's claim for breach of contract may go forward.  I am not persuaded, and Jeppesen has not made an adequate showing, that the discovery related to the antitrust claims is substantially greater than the discovery necessary for the rest of the case.

      Discovery often involves burden.  Environmental cases, patent infringement cases, and

---

[1]Jeppesen quotes several of SOLIDFX's discovery requests and argues that they "demonstrate just how burdensome antitrust discovery promises to be. . . ."  Motion to Stay [Doc. # 21] at p. 4 n. 2.  There is no evidence presented concerning the burden, however, and unreasonable burden is not apparent to me simply from the text of the discovery requests.

collective actions under the Fair Labor Standards Act come immediately to mind as complex cases that may involve substantial discovery but which ordinarily are not stayed pending the determination of preliminary motions. Jeppesen has failed to explain why this case, simply because it involves antitrust claims, deserves special treatment not accorded other complex cases not asserting antitrust claims.

3. Convenience to the Court: Jeppesen fails to demonstrate that staying antitrust discovery will benefit the court. To the contrary, I can conceive of instances where staying the antitrust discovery while allowing discovery on the breach of contract claim could lead to increased discovery disputes requiring greater rather than less judicial involvement in the discovery process.

4. Interests of Non-Parties: Jeppesen has pointed to anticipated depositions of non-party witnesses related solely to the antitrust claims which will burden the non-party witnesses and may prove unnecessary if Jeppesen's motion to dismiss is granted. I agree that there may be some burden to non-parties. That burden, alone, is not sufficient to justify the requested stay.

5. The Public Interest:  The public has competing interests. Rule 1, Fed. R. Civ. P., requires the "just, speedy, and inexpensive determination of every action. . . ." Staying discovery, potentially for an extended period of time, is contrary to a speedy resolution, while allowing discovery before the motion to dismiss is decided may be counterproductive to an inexpensive determination.

On balance, I find that the plaintiff's greater interest in proceeding expeditiously and the defendant's failure to demonstrate a particular, substantial, and unusual burden resulting from allowing antitrust discovery to proceed compel that the requested stay be denied.

IT IS ORDERED that the Motion to Stay [Doc. # 21] is DENIED.

Dated September 8, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge