IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-1468-WJM-BNB

SOLIDFX, LLC

    Plaintiff,

v.

JEPPESEN SANDERSON, INC.

    Defendant.

---

## AMENDED STIPULATED PROTECTIVE ORDER

---

The parties anticipate that certain of their confidential business records as well as those of third parties may be produced in discovery in this matter and that such confidential records must be protected from further disclosure. Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds good cause for entry of this Amended Stipulated Protective Order (Amended Protective Order") to provide such protection according to the terms and conditions below. To expedite the flow of discovery material and the litigation of this case, facilitate the prompt resolution of disputes over confidentiality, and adequately protect material entitled to be kept confidential, it is ORDERED that:

    1.    This Amended Protective Order shall apply to all documents, electronically stored information, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules

of Civil Procedure.

2. As used in this Amended Protective Order, "document" and "electronically stored information" are defined as provided in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical copy is a separate document within the meaning of these terms.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and concerns trade secrets, proprietary information, sensitive third-party information, or other business or financial information that is not publicly available. CONFIDENTIAL information shall not be disclosed or used for any purpose except in pretrial discovery, at the trial, or in preparation for trial, or for any appeals of this action.

4. All documents and information described in Paragraph 3 as CONFIDENTIAL Information and which a party reasonably believes to be of a highly sensitive commercial nature, such as certain documents or information reflecting, containing or derived from current confidential trade secrets, research, development, technical, pricing, production, cost, marketing or customer information, disclosure of which could create a substantial risk of commercial or competitive harm, may be designated HIGHLY CONFIDENTIAL by said party and furnished to the other parties pursuant to the terms of this Order.

5. CONFIDENTIAL documents, electronically stored information, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party or third party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys who are actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for

trial, at trial, or at other proceedings in this case;

    (c)    the parties' designated representatives;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses; and

    (h)    other persons by written agreement of the parties or third party producing such documents or information.

6.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Amended Protective Order and obtain from such person an executed copy of the Acknowledgement of Amended Protective Order attached hereto as Exhibit A, stating that he or she has read this Amended Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7.    HIGHLY CONFIDENTIAL information shall be maintained in strict confidence for use by outside counsel, in-house counsel for the parties who are assisting in the litigation, and any other persons permitted by this Amended Protective Order to receive disclosures of HIGHLY CONFIDENTIAL information. HIGHLY CONFIDENTIAL information shall not be

disclosed to any person except those listed in Paragraph 5, subparagraphs (a), (b), (d), (e), and (f). HIGHLY CONFIDENTIAL information may be disclosed to persons listed in Paragraph 5, subparagraph (g) only to the extent these persons are referenced in the HIGHLY CONFIDENTIAL information or these persons or their employer are identified as having authored, received or having specific knowledge of the information contained in that HIGHLY CONFIDENTIAL information, and such HIGHLY CONFIDENTIAL information is necessary to prepare these persons for depositions or court proceedings, and only if they understand and concur with their responsibility to maintain the confidentiality of the information pursuant to this Amended Protective Order and not to disclose or reveal it to anyone who is not authorized to receive HIGHLY CONFIDENTIAL information pursuant to this Amended Protective Order and have executed copy of the Acknowledgement of Amended Protective Order attached hereto as Exhibit A, stating that he or she has read this Amended Protective Order and agrees to be bound by its provisions.

8. Counsel or persons regularly employed by or associated with counsel may designate information as CONFIDENTIAL or HIGHLY CONFIDENTIAL only after a review of the information and based on a good faith belief that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL or otherwise entitled to protection.

9. Documents are designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Indicating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the electronic file name of a document produced electronically shall designate all contents of the electronic document to be CONFIDENTIAL or HIGHLY CONFIDENTIAL.

10. If any Party intends to disclose any HIGHLY CONFIDENTIAL information to a witness described in paragraph 5(g) at a deposition and such witness would not otherwise be entitled to access to such HIGHLY CONFIDENTIAL information, counsel for the Disclosing Party shall provide written notice to the Producing Party and/or the Designating Party of the intention to so disclose the source of or the specific document containing the HIGHLY CONFIDENTIAL information at least four (4) business days prior to such intended disclosure. If the Producing Party or Designating Party objects to such disclosure, then the Producing Party or Designating Party shall issue a written objection to the counsel intending to make such disclosure within two (2) business days of receiving written notice of the intent to disclose. Unless the parties otherwise resolve their disagreements, the **Producing or Designating Party shall file a motion for protective order pursuant to D.C.COLO.LCivR 30.2 or the objection is waived.** In the event that the Producing Party or Designating Party does not **file a motion for protective order**, then the Disclosing Party shall (i) endeavor in good faith to handle the HIGHLY CONFIDENTIAL Information in such a manner as to disclose no more of the HIGHLY CONFIDENTIAL Information than is necessary in order to examine the witness; and (ii) the witness is not permitted to retain the HIGHLY CONFIDENTIAL Information after the witness is examined regarding the CONFIDENTIAL or HIGHLY CONFIDENTIAL Information. Moreover, counsel for each party representing any such deposition witness shall have responsibility for supplying this Order to that witness before the deposition and attempting to obtain his or her execution of the Certificate of Compliance. Any witnesses not represented by a party's counsel shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she is subject to sanctions for violating the terms of this Order.

11. Whenever a deposition involves the disclosure of CONFIDENTIAL or HIGHLY CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall be subject to the provisions of this Amended Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or HIGHLY CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

12. A party may object to the designation of particular CONFIDENTIAL or HIGHLY CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) calendar days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Amended Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms of this Amended Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or HIGHLY CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in accordance with this Amended Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall bear the burden of

establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL or HIGHLY CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL or HIGHLY CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL or HIGHLY CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

14. In the event any information or document is produced that the producing party later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the receiving party shall, within five (5) business days of receipt of a written request by the producing party, return the original to the producing party, destroy all copies thereof and delete any copy of the documents, or any portion thereof, from any word processing or data base tape or disk it maintains.  Inadvertent production of privileged, work product-protected or immune documents in the course of discovery in this action shall not constitute a waiver of any privilege, work product protection or immunity, either as to the produced document or as to any other documents or communications.  Return of a document for which the producing party has asserted a claim of privilege, work-product protection, or immunity under this paragraph shall be without prejudice to the receiving party's right to seek an order from the Court directing production of the information or document on the ground that the claimed privilege, work product protection or immunity is invalid; provided, however, that mere

production of the information or document in the course of this action shall not be a ground for asserting waiver of the privilege, protection or immunity.

15. This Amended Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

16. The provisions of this order shall apply to documents produced (or material containing information from a document produced) by any third party and any transcripts involving testimony by third parties. Documents produced by third parties or transcripts containing testimony by third parties may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the terms of this order by either the producing party or any party. To the extent that any discovery requests are served on a non-party, the party serving the discovery shall, at the time of service, provide the non-party with a copy of this Order.

Dated December 6, 2011.

BY THE COURT:

s/ Boyd N. Boland

United States Magistrate Judge

**APPROVED AS TO FORM AND CONTENT:**

APPROVED:

*s/ Shannon Wells Stevenson*
Shannon Wells Stevenson
John A. Francis
Kenzo S. Kawanabe
Lauren M. Mitchell
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, Colorado 80202-1500
Phone:  303.892.9400

*Attorneys for Plaintiff SOLIDFX, LLC*

*s/ Robert N. Miller*
Robert N. Miller
Stephanie E. Dunn
PERKINS COIE LLP
1900 16th Street, Suite 1400
Denver, Colorado 80202
Phone:  303.291.2300

Craig S. Primis, P.C.
John C. O'Quinn
KIRKLAND & ELLIS LLP
655 Fifteenth Street N.W.
Washington, D.C. 20005-5793
Phone:  202.879.5000

*Attorneys for Defendant*
*Jeppesen Sanderson, Inc.*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-1468-WJM-BNB

SOLIDFX, LLC

      Plaintiff,

v.

JEPPESEN SANDERSON, INC.

---

**ACKNOWLEDGEMENT OF AMENDED STIPULATED PROTECTIVE ORDER**

---

I, _____, have read and understand the Amended Stipulated Protective Order entered in this action (the "Amended Protective Order").  I understand that confidential documents or other sources of information which have been designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the Amended Protective Order are to be disclosed to me for use by me solely in connection with prosecution or defense of claims involved in this action.  I further understand that the Amended Protective Order prohibits me from either using or disclosing such CONFIDENTIAL or HIGHLY CONFIDENTIAL documents or other sources of information for any purpose other than as set forth in and pursuant to the Protective Order.  If I violate the Amended Protective Order, I understand that I may be held in contempt of Court, and I submit to the Court's jurisdiction for enforcement of the Amended Protective Order.

Notwithstanding the foregoing, this endorsement shall not apply to any documents or information validly obtained by me or my employer independent from this action.

(Signature)

Dated: _____

Print name and address:

STATE OF _____     )
                                  ) ss.
COUNTY OF _____       )

The foregoing instrument was acknowledged before me this \_\_\_\_\_ day of _____, \_\_\_\_ by _____.

Witness my hand and official seal.

My commission expires: _____

_____
Notary Public