**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez**

Civil Action No. 11-cv-01468-WJM-BNB

SOLIDFX, LLC,

      Plaintiff,

      v.

JEPPESEN SANDERSON, INC.,

      Defendant.

---

**DEFENDANT JEPPESEN SANDERSON, INC.'S
PROPOSED DISPUTED JURY INSTRUCTIONS**

---

      Pursuant to WJM Revised Practice Standard VI.C, Jeppesen Sanderson, Inc.

("Jeppesen") hereby submits the following proposed disputed jury instructions.

      Respectfully submitted this 7th day of March, 2014.


s/ *Robert N. Miller*_____
Robert N. Miller
Michael A. Sink
Perkins Coie LLP
1900 16th Street, Suite 1400
Denver, CO  80202-5255
Tel:  (303) 291-2300
Email:  rmiller@perkinscoie.com

*Attorneys for Defendant
  Jeppesen Sanderson, Inc.*

Craig S. Primis, P.C.
John C. O'Quinn
Gregory L. Skidmore
Michael A. Glick
Kirkland & Ellis LLP
655 15th Street, N.W.
Washington, DC 20005
Tel:  (202) 879-5000
Email: cprimis@kirkland.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2014, I electronically filed a true and correct copy of the foregoing **DEFENDANT JEPPESEN SANDERSON, INC.'S PROPOSED DISPUTED JURY INSTRUCTIONS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email address(es):

- **Michael A. Sink**
  msink@perkinscoie.com,

- **John Allen Francis**
  john.francis@dgslaw.com,
  sharon.smith@dgslaw.com

- **Kenzo Sunao Kawanabe**
  kenzo.kawanabe@dgslaw.com,
  patricia.henson@dgslaw.com

- **Robert Nolen Miller**
  rmiller@perkinscoie.com,
  rmiller-efile@perkinscoie.com

- **Michael Glick**
  michael.glick@kirkland.com

- **Lauren Michele Mitchell**
  lauren.mitchell@dgslaw.com,
  rebecca.gibson@dgslaw.com

- **John Caviness O'Quinn**
  john.oquinn@kirkland.com

- **Craig S. Primis**
  cprimis@kirkland.com,
  ghjones@kirkland.com

- **Shannon Wells Stevenson**
  shannon.stevenson@dgslaw.com,
  brigid.bungum@dgslaw.com

- **Gregory Skidmore**
  gskidmore@kirkland.com

s/ *Robert N. Miller*
Robert N. Miller
PERKINS COIE LLP
1900 16th Street, Suite 1400
Denver, CO  80202-5255
Tel:  303.291.2300
Fax:  303.291.2400
Email:  rmiller@perkinscoie.com

*Attorney for Defendant*
  *Jeppesen Sanderson, Inc.*

**PROPOSED INSTRUCTION A**

**(Stipulations)**

You have heard the parties stipulate or agree to the existence of certain facts. This admission makes the presentation of any evidence to prove these facts unnecessary.  The agreement means that you must accept these facts as true.

In this case, the parties have stipulated to the following:

1.    Plaintiff SOLIDFX, LLC ("SOLIDFX") is a Massachusetts limited liability company, based in Massachusetts.

2.    Defendant Jeppesen Sanderson, Inc. ("Jeppesen") is a Delaware corporation, and a subsidiary of The Boeing Company.  Jeppesen's headquarters are located at 55 Inverness Drive East in Englewood, Colorado.

3.    Terminal charts are used by instrument-rated pilots to maneuver safely in and around airports.

4.    In 2009, Jeppesen and SOLIDFX entered into a License and Cooperation Agreement ("Agreement").

5.    Apple announced the iPad on January 27, 2010.

6.    In or about April 2010, Apple began selling the iPad in the United States.

(Colorado Jury Instructions—Civil § 1:13; Final Pretrial Order)

**PROPOSED INSTRUCTION B**

**(Direct and Circumstantial Evidence)**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case.  One is direct evidence, such as the testimony of an eyewitness.  The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence.  The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience.  An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.  By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

(Tenth Circuit Criminal Pattern Jury Instructions § 1.07)

**PROPOSED INSTRUCTION C**

<u>**Part II: Elements of Causes of Action**</u>

That concludes the part of my instructions explaining your duties and the general rules that apply in every civil case.  Now I will explain the elements of the claims at issue here: breach of contract, promissory estoppel, negligent misrepresentation, fraud, and intentional interference with a prospective contractual relation.

**PROPOSED INSTRUCTION D**

**(Breach of Contract – Elements of Liability – iPad)**

For SOLIDFX to recover from Jeppesen on its claim of breach of contract relating to the iPad, you must find all of the following have been proved by a preponderance of the evidence:

1.      Jeppesen entered into a contract with SOLIDFX that permitted SOLIDFX to develop a data management reader solution that works in conjunction with the iPad, as modified to display Jeppesen's proprietary terminal charts and pre-loaded with the most current worldwide database of Jeppesen terminal charts;

2.      Jeppesen failed to allow SOLIDFX to develop such a data management reader solution;

3.      SOLIDFX substantially performed its part of the contract; and

4.      SOLIDFX suffered damages as a result of the actions of Jeppesen.

If you find that any of these four statements has not been proved, then your verdict must be for Jeppesen.

On the other hand, if you find that all of these four statements have been proved, then your verdict must be for SOLIDFX.

(Colorado Jury Instructions—Civil § 30:10; License and Cooperation Agreement (Ex. 19) § 1.6; *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (en banc) ("It has long been the law in Colorado that a party attempting to recover on a claim for breach of contract must prove the following elements: (1) the existence of a contract; (2)

performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff.") (internal citations omitted); *see also City of Westminster v. Centric-Jones Constructors*, 100 P.3d 472, 477 (Colo. App. 2003) (same); *Montemayor v. Jacor Commc'ns*, 64 P.3d 916, 920 (Colo. App. 2002) (same))

**PROPOSED INSTRUCTION E**

**(Breach of Contract – Elements of Liability – Commercial Airlines)**

For SOLIDFX to recover from Jeppesen on its claim of breach of contract relating to tailored charting for commercial airlines for SOLIDFX's FX8 and FX10 products, you must find all of the following have been proved by a preponderance of the evidence:

1.   Jeppesen entered into a contract with SOLIDFX that obligated Jeppesen to develop a tailored terminal chart data delivery solution for SOLIDFX's FX8 and FX10 products even in the absence of a commitment from a customer to purchase such a product;

2.   Jeppesen failed to fulfill its obligation to SOLIDFX;

3.   SOLIDFX substantially performed its part of the contract; and

4.   SOLIDFX suffered damages by an airline customer not completing a purchase of SOLIDFX's products as a result of the actions of Jeppesen.

If you find that any of these four statements has not been proved, then your verdict must be for Jeppesen.

On the other hand, if you find that all of these four statements have been proved, then your verdict must be for SOLIDFX.

(Colorado Jury Instructions—Civil § 30:10; License and Cooperation Agreement (Ex. 19) § 1.6; *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (en banc) ("It has long been the law in Colorado that a party attempting to recover on a claim for

breach of contract must prove the following elements: (1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff.") (internal citations omitted); *see also City of Westminster v. Centric-Jones Constructors*, 100 P.3d 472, 477 (Colo. App. 2003) (same); *Montemayor v. Jacor Commc'ns*, 64 P.3d 916, 920 (Colo. App. 2002) (same))

**PROPOSED INSTRUCTION F**

**(Contract Interpretation – Parties' Intent)**

The statements or conduct of the parties before any dispute arose between them is an indication of what the parties intended at the time that the contract was formed.

To determine what the parties intended the terms of the contract to mean, you may also consider the language of the written agreement, the parties' negotiations of the contract, any earlier dealings between the parties, any reasonable expectations the parties may have had because of the promises or conduct of the other party, and any other facts or circumstances that existed at the time that the contract was formed.

(Colorado Jury Instructions—Civil § 30:31)

**PROPOSED INSTRUCTION G**

**(Contract Interpretation – Contract as a Whole)**

The entire agreement (including its appendices) are to be considered in determining the existence or nature of the contractual duties.  You should consider the agreement as a whole and not view clauses or phrases in isolation.

(Colorado Jury Instructions—Civil § 30:32)

**PROPOSED INSTRUCTION H**

**(Contract Interpretation – Ordinary Meaning)**

Words or phrases not defined in a contract should be given their plain, ordinary, and generally accepted meaning at the time of the contract.

(Colorado Jury Instructions—Civil § 30:33; *Elec. Distribs., Inc. v. SFR, Inc.*, 166 F.3d 1074, 1082 (10th Cir. 1999) (applying Colorado law) ("We ascertain the parties' intent at the time of the contract's execution . . . ."))

**PROPOSED INSTRUCTION I**

**(Contract Interpretation – Use of a Technical Word in a Contract)**

When a contract uses words or phrases from a trade or technical field, those

words or phrases should be given their usual meaning in that trade or technical field at

the time of the contract.


(Colorado Jury Instructions—Civil § 30:34; *Elec. Distribs., Inc. v. SFR, Inc.*, 166
F.3d 1074, 1082 (10th Cir. 1999) (applying Colorado law) ("We ascertain the parties'
intent at the time of the contract's execution . . . .")

**PROPOSED INSTRUCTION J**

**(Contract Interpretation – Specific and General Clauses)**

Where there is an inconsistency between general and specific provisions in a contract, the specific provisions express more exactly what the parties intended.

(Colorado Jury Instructions—Civil § 30:36)

**PROPOSED INSTRUCTION K**

**(Contract Performance – Implied Duty of Good Faith and Fair Dealing)**

Every contract requires the parties to act in good faith and to deal fairly with each other in performing or enforcing the express terms of the contract.

A party performs a contract in good faith when its actions are consistent with the agreed common purpose and with the reasonable expectations of the parties.  The duty of good faith and fair dealing is breached when a party acts contrary to that agreed common purpose and the parties' reasonable expectations.

The duty of good faith and fair dealing does not obligate a party to accept a material change in the terms of the contract or to assume obligations that vary or contradict the contract's express provisions.  Nor does the duty of good faith and fair dealing inject substantive terms into the parties' contract.  Rather, it requires only that the parties perform in good faith the obligations imposed by their agreement.


(Colorado Jury Instructions—Civil § 30:16; *Wells Fargo Realty Advisors Funding, Inc. v. Uioli, Inc.*, 872 P.2d 1359, 1363 (Colo. App. 1994) ("the duty of good faith and fair dealing does not obligate a party to accept a material change in the terms of the contract or to assume obligations that vary or contradict the contract's express provisions"); *City of Boulder v. Pub. Serv. Co. of Colo.*, 996 P.2d 198, 204 (Colo. App. 1999) ("The implied covenant of good faith and fair dealing does not inject new substantive terms or conditions into a contract, but rather it is invoked only to give effect to the intentions of the parties or to honor their reasonable expectation in entering into the contract."); *Soderlun v. Pub. Serv. Co. of Colo.*, 944 P.2d 616, 623 (Colo. App. 1997) ("The covenant of good faith and fair dealing, whether express or implied, does not inject new substantive terms into a contract or change its existing terms."))

**PROPOSED INSTRUCTION L**

**(Promissory Estoppel)**

If you find against SOLIDFX on its breach of contract claim relating to the iPad, you must consider its alternative claim based on promissory estoppel. For SOLIDFX to recover from Jeppesen on its claim of promissory estoppel, you must find that all of the following have been proved by a preponderance of the evidence:

1.    Jeppesen made promises to SOLIDFX that it would allow SOLIDFX to develop and sell apps that would display Jeppesen's proprietary terminal charts on the iPad;

2.    Jeppesen reasonably should have expected that its promises would induce SOLIDFX to act in preparing to develop such apps;

3.    SOLIDFX took action in reliance on Jeppesen's promises;

4.    SOLIDFX's reliance on Jeppesen's promises was reasonable;

5.    SOLIDFX incurred damages because of that reliance;

6.    Jeppesen's promises to SOLIDFX must be enforced to prevent injustice.

If you find that any of those six statements has not been proved, then your verdict must be for Jeppesen.

On the other hand, if you find that all of these six statements have been proved, then your verdict must be for SOLIDFX.

SOLIDFX's claims for breach of contract relating to the iPad and for promissory estoppel are alternative claims.  This means you may not find in favor of SOLIDFX on both claims, but you need not find in favor of SOLIDFX on either claim.

(Restatement (Second) of Contracts § 90 (1981); *Berg v. State Bd. of Agric.*, 919 P.2d 254, 259 (Colo. 1996) (en banc) (elements of a promissory estoppel claim); *Wheat Ridge Urban Renewal Auth. v. Cornerstone Grp. XXII, LLC*, 176 P.3d 737, 741 (Colo. 2007) ("Recovery on a theory of promissory estoppel is incompatible with the existence of an enforceable contract."))

**PROPOSED INSTRUCTION M**

**(Negligent Misrepresentation)**

If you find against SOLIDFX on its breach of contract claim relating to the iPad, you must consider its alternative claim based on negligent misrepresentation.  For SOLIDFX to recover from Jeppesen on its claim of negligent misrepresentation, you must find all of the following have been proved by a preponderance of the evidence:

1.      Jeppesen gave false information to SOLIDFX;

2.      Jeppesen gave such information to SOLIDFX in the course of Jeppesen's business and in a transaction in which Jeppesen had a financial interest;

3.      Jeppesen gave such information to SOLIDFX for SOLIDFX's use in its business;

4.      Jeppesen was negligent in communicating that information;

5.      Jeppesen gave the information with the intent or knowing that SOLIDFX would act in reliance on the information;

6.      SOLIDFX reasonably relied on the information supplied by Jeppesen;

7.      SOLIDFX's reliance on the false information supplied by Jeppesen caused SOLIDFX damages that were reasonably foreseeable to Jeppesen.

If you find that any one or more of these seven statements has not been proved, then your verdict must be for Jeppesen.

On the other hand, if you find that all seven statements have been proved, then your verdict must be for SOLIDFX.

SOLIDFX's claims for breach of contract relating to the iPad and for negligent misrepresentation are alternative claims.  This means you may not find in favor of SOLIDFX on both claims, but you need not find in favor of SOLIDFX on either claim.

(Colorado Jury Instructions—Civil § 9:4 (modified); Colorado Jury Instructions—Civil § 9:21; *Ivar v. Elk River Partners, LLC*, 705 F. Supp. 2d 1220, 1238 (D. Colo. 2010) ("reasonable and justifiable reliance is required for Plaintiffs' state law claims for fraudulent and negligent misrepresentation"); *Bedard v. Martin*, 100 P.3d 584, 592 (Colo. App. 2004) (similar))

**PROPOSED INSTRUCTION N**

**(Fraud – False Representation)**

If you find against SOLIDFX on its breach of contract claim relating to the iPad, you must consider its alternative claim based on fraud.  For SOLIDFX to recover from Jeppesen on its claim of fraud, you must find all of the following have been proved by a preponderance of the evidence:

1.      Jeppesen made a false representation of a past or present fact;

2.      The fact was material;

3.      At the time the representation was made, Jeppesen knew the representation was false;

4.      SOLIDFX was ignorant of the falsity;

5.      Jeppesen made the representation with the intent that SOLIDFX would rely on the representation;

6.      SOLIDFX relied on the representation;

7.      SOLIDFX's reliance was reasonable and justified; and

8.      This reliance caused damages to SOLIDFX.

If you find that any one or more of these eight statements has not been proved, then your verdict must be for Jeppesen.

On the other hand, if you find that all eight statements have been proved, then you must consider Jeppesen's affirmative defense based on SOLIDFX's knowledge that Jeppesen's iPad strategy was still under development.  If you find that this affirmative

defense has been proved by a preponderance of the evidence, then your verdict must be for Jeppesen.  However, if you find that this affirmative defense has not been proved and you find that all eight elements above have been proved, then your verdict must be for SOLIDFX.

SOLIDFX's claims for breach of contract relating to the iPad and for fraud are alternative claims.  This means you may not find in favor of SOLIDFX on both claims, but you need not find in favor of SOLIDFX on either claim.

(Colorado Jury Instructions—Civil § 19:1 (modified); *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013) (en banc) (setting out the elements of a fraud claim, including that "that the person to whom the representation was made was ignorant of the falsity"))

**PROPOSED INSTRUCTION O**

**(Fraud – Nondisclosure or Concealment)**

For SOLIDFX to recover from Jeppesen on its claim of fraud, as proved by fraudulent nondisclosure or concealment, you must find all of the following have been proved by a preponderance of the evidence:

1. Jeppesen concealed a past or present fact or failed to disclose a past or present fact which it had a duty to disclose;

2. The fact was material;

3. Jeppesen concealed or failed to disclose it with the intent of creating a false impression of the actual facts in the mind of SOLIDFX;

4. SOLIDFX was ignorant of the falsity;

5. Jeppesen concealed or failed to disclose the fact with the intent that SOLIDFX take a course of action it might not take it it knew the actual facts;

6. SOLIDFX took such action or decided not to act relying on the assumption that the concealed or undisclosed fact did not exist or was different from what it actually was;

7. SOLIDFX's reliance was reasonable and justified; and

8. This reliance caused damages to SOLIDFX.

If you find that any one or more of these eight statements has not been proved, then your verdict must be for Jeppesen.

On the other hand, if you find that all of these eight statements have been proved, then you must consider Jeppesen's affirmative defense based on SOLIDFX's knowledge that Jeppesen's iPad strategy was still under development.  If you find that this affirmative defense has been proved by a preponderance of the evidence, then your verdict must be for Jeppesen.  However, if you find that this affirmative defense has not been proved and you find that all eight elements above have been proved, then your verdict must be for SOLIDFX.

SOLIDFX's claims for breach of contract relating to the iPad and for fraud are alternative claims.  This means you may not find in favor of SOLIDFX on both claims, but you need not find in favor of SOLIDFX on either claim.


(Colorado Jury Instructions—Civil § 19:2 (modified); *Bristol Bay Prods., LLC v. Lampack*, 312 P.3d 1155, 1160 (Colo. 2013) (en banc) (setting out the elements of a fraud claim, including "that the person to whom the representation was made was ignorant of the falsity"))

**PROPOSED INSTRUCTION P**

**(Affirmative Defense – SOLIDFX's Knowledge)**

Jeppesen is not legally responsible to SOLIDFX if Jeppesen proves its affirmative defense based on SOLIDFX's knowledge.  The defense is proved if you find both of the following:

1.      SOLIDFX learned that Jeppesen's strategy for the iPad was still under development before SOLIDFX completed the development of its app; and

2.      SOLIDFX continued developing its iPad app with knowledge of the actual facts when a reasonable person under the same or similar circumstances would not have done so.

(Colorado Jury Instructions—Civil § 19:16 (modified))

**PROPOSED INSTRUCTION Q**

**(Statement of Law as False Representation)**

A statement about the law (such as the interpretation of a contract) is an

expression of opinion and is not a false representation of fact.


(Colorado Jury Instructions—Civil § 19:14 (modified); *Ad Two, Inc. v. City & County of Denver*, 9 P.3d 373, 376 (Colo. 2000) ("contract interpretation is a question of law. . ."))

**PROPOSED INSTRUCTION R**

**(Reliance – Defined)**

A party relies on a claimed representation if it believed it was true, and based on that representation took action it otherwise would not have taken.


(Colorado Jury Instructions—Civil § 19:7 (modified))

**PROPOSED INSTRUCTION S**

**(Justifiable Reliance)**

A person is justified in assuming that a representation is true if a person of the same or similar intelligence, education, or experience would rely on that representation.

If SOLIDFX had access to information that would have led to the discovery of the facts and that information was equally available to both parties, then its reliance was not justified or reasonable as a matter of law.

(Colorado Jury Instructions—Civil § 19:8 & n.3; *Balkind v. Telluride Mountain Title Co.*, 8 P.3d 581, 587 (Colo. App. 2000) ("If the parties had access to information that was equally available to both parties and would have led to discovery of the true facts, the plaintiff has no right to rely upon the misrepresentation."); *M.D.C./Wood, Inc. v. Mortimer*, 866 P.2d 1380, 1382 (Colo. 1994) (similar))

**PROPOSED INSTRUCTION T**

**(Intentional Interference with a Prospective Contractual Relation)**

For SOLIDFX to recover from Jeppesen on its claim of intentional interference with a prospective contractual relation, you must find that all of the following have been proved by a preponderance of the evidence:

1.      Jeppesen knew or reasonably should have known of SOLIDFX's prospective contract with a commercial airline for its FX8 or FX10 product;

2.      Jeppesen by words or conduct, or both, intentionally caused that commercial airline not to enter into a contract with SOLIDFX;

3.      Jeppesen's interference with the prospective contract was improper and not justified by Jeppesen's existing client relationship with the commercial airline;

4.      But for Jeppesen's interference, the commercial airline would have entered into the proposed contract; and

5.      Jeppesen's interference with the prospective contract caused SOLIDFX damages.

If you find that any one or more of these five statements has not been proved, then your verdict must be for Jeppesen.

On the other hand, if you find that all of these statements have been proved, then your verdict must be for SOLIDFX.

(Colorado Jury Instructions—Civil § 24:1 (modified) & n.5; *Amoco Oil Co. v. Ervin*, 908 P.2d 493, 500 (Colo. 1995); *Harris Group, Inc. v. Robinson*, 209 P.3d 1188, 1196 (Colo. App. 2009))

**PROPOSED INSTRUCTION U**

**(Improper – Defined)**

Jeppesen's alleged interference was improper if you find that Jeppesen

interfered with a potential relationship between SOLIDFX and a commercial airline with

an intent to harm SOLIDFX rather than with an intent to address Jeppesen's existing

customer relationship with that airline.  In considering whether Jeppesen's conduct was

improper, you should consider the fact that Jeppesen's contract with SOLIDFX was

non-exclusive and that Jeppesen had the right to offer products that competed with

SOLIDFX's products.


(Colorado Jury Instructions—Civil § 24:3 & n.3; *Westfield Development Co. v. Rifle Investment Associates Co.*, 786 P.2d 1112, 1118 (Colo. 1990); License and Cooperation Agreement (Ex. 19) § 2.3 ("The business relationship between the parties pertaining to this Agreement is non-exclusive. Nothing contained herein will prohibit either party from contracting separately with third parties to provide their respective products and services, including services similar to those contemplated by this Agreement."))

**PROPOSED INSTRUCTION V**

**(Damages – Contract Claims and Intentional Interference Claim)**

If you find in favor of SOLIDFX on its claim of breach of contract or intentional interference with a prospective contractual relation, then you must award it actual or nominal damages.

To award actual damages, you must find by a preponderance of the evidence that SOLIDFX had actual damages as a result of the breach or interference, and you must determine the amount of those damages.  Actual damages is the amount required to put SOLIDFX in the same position as if the breach or interference had not occurred. You may award actual damages if you find that they were a natural and probable consequence of Jeppesen's breach or interference that Jeppesen reasonably could have foreseen would be a consequence of its actions at the time the parties entered into the contract or at the time the tort occurred.  You may not award damages on these claims to punish or make an example out of Jeppesen.

If you find in favor of SOLIDFX, but do not award any actual damages, you shall award SOLIDFX nominal damages in the sum of one dollar.


(Colorado Jury Instructions—Civil § 30:37 (modified); Colorado Jury Instructions—Civil § 30:38 (modified); Colorado Jury Instructions—Civil § 30:41; *Decker v. Browning-Ferris Indus. of Colo., Inc.*, 947 P.2d 937, 941 (Colo. 1997) (punitive damages not available for contract claims))

**PROPOSED INSTRUCTION W**

**(Damages – Consequential Damages)**

If you find in favor of SOLIDFX on its claim of breach of contract or intentional interference with a prospective contractual relation, then you must decide whether SOLIDFX is entitled to consequential damages.

SOLIDFX has the burden of proving whether it is entitled to consequential damages, including lost profits and lost equity value, and the amount of any such damages.

SOLIDFX and Jeppesen dispute the meaning of the following provisions contained in the contract, which pertain to consequential damages:

**8.2** **EXCLUSION OF CONSEQUENTIAL AND OTHER DAMAGES.  EXCEPT TO THE EXTENT OF THE INDEMNIFICATION OBLIGATION SET FORTH IN SECTION 9, NEITHER PARTY WILL HAVE ANY OBLIGATION OR LIABILITY WHATSOEVER, WHETHER ARISING IN CONTRACT (INCLUDING WARRANTY), TORT (WHETHER OR NOT ARISING FROM THE NEGLIGENCE OF EITHER PARTY), STRICT LIABILITY OR OTHERWISE,**

**8.2.1** **FOR LOSS OF USE, REVENUE OR PROFIT; OR**

**8.2.2** **FOR ANY OTHER INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL, EXEMPLARY, PUNITIVE, OR OTHER DAMAGES WITH RESPECT TO THE JEPPESEN DATA, THE JIT, AND OTHER PRODUCTS AND SERVICES PROVIDED HEREUNDER; AND**

**8.2.3** **ANY NONCONFORMANCE OR DEFECT IN THE JEPPESEN DATA, THE JIT, OR OTHER THINGS PROVIDED UNDER THIS AGREEMENT.**

SOLIDFX claims that this provision does not apply to a failure to provide products and services required by the Agreement.

Jeppesen claims that this provision prevents SOLIDFX from recovering damages for lost profits and lost equity value, as well as other indirect, consequential, and exemplary damages.

If you find by a preponderance of the evidence that SOLIDFX's interpretation is correct and you find Jeppesen liable to SOLIDFX on its claim of breach of contract or intentional interference with a prospective contractual relation, you may consider whether or not to award lost profits, lost equity value, and other consequential damages in accordance with the rest of these instructions.

If you do not find that SOLIDFX has met its burden, you shall not award any lost profits, lost equity value, or other indirect, consequential, and exemplary damages on those claims.

To award lost profits or lost equity value, you must find by a preponderance of the evidence that:

1.      Jeppesen's conduct caused SOLIDFX lost profits or lost equity value; and

2.      Those lost profits or lost equity value were within the contemplation of the parties at the time of the contract or the alleged tort.

If you find that SOLIDFX has proven both of those statements by a preponderance of the evidence, you should award SOLIDFX lost profits or lost equity value.

On the other hand, if you find that either of those statements is not true, you should not award SOLIDFX any lost profits or lost equity value.

If you find that a certain share of the lost profits or lost equity value sought by SOLIDFX was not caused by Jeppesen's conduct or was not within the contemplation of the parties, you should not award SOLIDFX damages for that portion.

In calculating lost profits or lost equity value, you may award damages only insofar as they are reasonably ascertainable on the basis of SOLIDFX's past experience. You may not award lost profits or lost equity value damages if they are speculative, remote, or imaginary.

You must reduce any award for lost profits by any amount that SOLIDFX or its principals earned that it or they would not have earned but for Jeppesen's conduct (for example, any salary received by SOLIDFX's principals at jobs after their full-time work at SOLIDFX ceased).

You may not award consequential damages, including lost profits or lost equity value, to SOLIDFX with respect to its promissory estoppel, negligent misrepresentation, or fraud claims.

(Colorado Jury Instructions—Civil § 30:30 (modified); License and Cooperation Agreement (Ex. 19) § 8.2; Colorado Jury Instructions—Civil § 30:39 & n.3 ("To recover loss of net profits as consequential damages, the defendant's breach of contract must have been a cause of that loss and the damages must have been within the contemplation of the parties."); *id.* at n.5 ("to be recoverable, 'net profits' must be reasonably ascertainable on the basis of the plaintiff's past experience and may not be speculative, remote, or imaginary"))

**PROPOSED INSTRUCTION X**

**(Damages – Reliance Damages)**

If you find in favor of SOLIDFX on its claim of promissory estoppel, negligent misrepresentation, or fraud, then you must consider whether SOLIDFX has proved that it has suffered damages.

SOLIDFX has the burden of proving the nature and extent of its damages by a preponderance of the evidence.  If you find in favor of SOLIDFX, you must determine the total dollar amount of SOLIDFX's damages, if any, that were caused by the conduct of Jeppesen.

In determining these damages, you shall consider the difference between the costs SOLIDFX incurred in developing an iPad app and the costs SOLIDFX would have incurred but for the conduct of Jeppesen.

(Colorado Jury Instructions—Civil § 19:17 (modified); *Wilson & Co. v. Walsenburg Sand & Gravel Co.*, 779 P.2d 1386, 1388 (Colo. App. 1989) (the party seeking damages bears the burden of demonstrating that damages should be awarded))

**PROPOSED INSTRUCTION Y**

**(Reasonable Not Speculative)**

Damages must be reasonable.  If you should find that SOLIDFX is entitled to a verdict, you may award SOLIDFX only such damages as will reasonably compensate it for the damages caused by Jeppesen.

You are not permitted to award speculative damages.  So, you are not to include in any verdict compensation for any prospective loss that, although possible, is not reasonably certain to occur in the future.

(3 Fed. Jury Prac. & Instr. § 128:60 (6th ed.) (modified))

**PROPOSED INSTRUCTION Z**

**(Affirmative Defense – Failure to Mitigate/Assumption of Risk)**

If you find that SOLIDFX has proven actual damages, then you must consider whether Jeppesen has proved its affirmative defense of SOLIDFX's failure to mitigate or minimize its damages.  SOLIDFX has the duty to take reasonable steps under the circumstances to mitigate or minimize its damages.  Damages, if any, caused by SOLIDFX's failure to take such reasonable steps cannot be awarded to SOLIDFX.

This affirmative defense is proved if you find that the following has been proved by a preponderance of the evidence:  SOLIDFX had increased damages because it did not take reasonable steps to minimize those damages.

If you find that this proposition has not been proved by a preponderance of the evidence, then you shall make no deduction from SOLIDFX's damages.  On the other hand, if you find that that proposition has been proved by a preponderance of the evidence, then you must determine the amount of damages caused by SOLIDFX's failure to take such reasonable steps.  This amount must not be included in your award of damages.


(Colorado Jury Instructions—Civil § 5:2)

**PROPOSED INSTRUCTION AA**

**(Affirmative Defense – Economic Loss Rule)**

A party suffering only economic loss from a breach of a contract may not assert a tort claim for that breach absent an independent duty of care under tort law.  Economic loss is damages other than physical harm to persons or property.  You may not award any damages to SOLIDFX on its tort claims if you find that the contract governs the relevant conduct between the parties.

(Colorado Jury Instructions—Civil § 9:1 n.27; *Town of Alma v. AZCO Constr., Inc.*, 10 P.3d 1256, 1264 (Colo. 2000) ("We hold that a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law.  Economic loss is defined generally as damages other than physical harm to persons or property."))

**PROPOSED INSTRUCTION BB**

**(Exemplary Damages – Introduction)**

If you find in favor of SOLIDFX on its fraud claim, then you shall consider whether SOLIDFX should recover exemplary damages against Jeppesen.  If you only find in favor of SOLIDFX on a breach of contract claim or claim other than fraud, you may not award exemplary damages.  Exemplary damages, if awarded, are to punish Jeppesen and to serve as an example to others.

SOLIDFX has the burden of proving whether it is entitled to exemplary damages.  SOLIDFX and Jeppesen dispute the meaning of the following provisions contained in the contract, which pertain to exemplary damages:

**8.2   EXCLUSION OF CONSEQUENTIAL AND OTHER DAMAGES.  EXCEPT TO THE EXTENT OF THE INDEMNIFICATION OBLIGATION SET FORTH IN SECTION 9, NEITHER PARTY WILL HAVE ANY OBLIGATION OR LIABILITY WHATSOEVER, WHETHER ARISING IN CONTRACT (INCLUDING WARRANTY), TORT (WHETHER OR NOT ARISING FROM THE NEGLIGENCE OF EITHER PARTY), STRICT LIABILITY OR OTHERWISE,**

**8.2.1  FOR LOSS OF USE, REVENUE OR PROFIT; OR**

**8.2.2  FOR ANY OTHER INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL, EXEMPLARY, PUNITIVE, OR OTHER DAMAGES WITH RESPECT TO THE JEPPESEN DATA, THE JIT, AND OTHER PRODUCTS AND SERVICES PROVIDED HEREUNDER; AND**

**8.2.3  ANY NONCONFORMANCE OR DEFECT IN THE JEPPESEN DATA, THE JIT, OR OTHER THINGS PROVIDED UNDER THIS AGREEMENT.**

SOLIDFX claims that this provision does not apply to bar exemplary damages.  Jeppesen claims that this provision prevents SOLIDFX from recovering exemplary damages.

This is the only aspect of this case where the legal standard of beyond a reasonable doubt applies.  In Colorado, exemplary damages can only be awarded if the jury finds, beyond a reasonable doubt, that the defendant acted in a willful and wanton manner in causing SOLIDFX's damages or losses on its fraud claim.

If you find, beyond a reasonable doubt, that Jeppesen acted in a willful and wanton manner in causing SOLIDFX's damages or losses on its fraud claim, and that SOLIDFX is entitled to recover exemplary damages under the parties' agreement, you shall determine the amount of exemplary damages, if any, that SOLIDFX should recover.

The amount of exemplary damages you award may not exceed the amount of the actual damages suffered by SOLIDFX.  If you do not award any actual damages, you may not award any exemplary damages.  In determining the amount of exemplary damages to award, if any, you may not take into account the net worth of either party.

(Colorado Jury Instructions—Civil § 5:4 (modified) & nn. 12, 21, 23, 31; *Mortgage Finance, Inc. v. Podleski*, 742 P.2d 900, 902 (Colo. 1987) (exemplary damages may not be awarded on contract claims); Colorado Jury Instructions—Civil § 30:30; License and Cooperation Agreement (Ex. 19) § 8.2; Colo. Rev. Stat. Ann. § 13-21-102 (exemplary damages may not exceed actual damages))

**PROPOSED INSTRUCTION CC**

**(Willful and Wanton Conduct – Defined)**

"Willful and wanton conduct" means an act or omission purposefully committed by a person who must have realized that the conduct was dangerous, and which conduct was done heedlessly and recklessly, either without regard to the consequences, or without regard to the rights and safety of others, particularly the plaintiff.

(Colorado Jury Instructions—Civil § 9:30)

**PROPOSED INSTRUCTION DD**

**(Damages Not to Be Inferred)**

The fact that an instruction on measure of damages has been given to you does not mean that the Court is instructing the jury to award or not to award damages.  The question of whether or not damages are to be awarded is a question for the jury's consideration.

(Colorado Jury Instructions—Civil § 5:1)

**PROPOSED INSTRUCTION EE**

**(Duty to Deliberate)**

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read.  Any exhibits admitted into evidence will also be placed in the jury room for your review.  The original forms of the written instructions and the exhibits are a part of the court record.  Do not place any marks or notes on them. (The instructions labeled "copy" may be marked or used in any way you see fit.)

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.  The second thing you should do is review the instructions.  Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations.  Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

In your deliberations, your duty is to apply the court's instructions of law to the evidence that you have seen and heard in the courtroom.  You are not allowed to look at, read, consult, or use any material of any kind, including any newspapers, magazines, television and radio broadcasts, dictionaries, medical, scientific, technical, religious, or law books or materials, or the Internet in connection with your jury service. I want to emphasize that you must not seek or receive any information about this case

from the Internet, which includes all social networking, Google, Wikipedia, blogs, and any other web site.  You are not allowed to do any research of any kind about this case.

Do not use any information from any other source concerning the facts or the law applicable to this case other than the evidence presented and the instructions that I give you.  Do not do your own investigation about this case.

To reach a verdict, whether for SOLIDFX or Jeppesen, all of you must agree.  Your verdict must be unanimous.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

The Court has prepared a Verdict Form for your convenience.  It reads as follows:

**[Explain Verdict Form]**

After you have deliberated and consulted with each other, the foreperson will write the unanimous answer of the jury in response to each question on the Verdict Form.  At the conclusion of your deliberations, the foreperson should date and sign the Verdict Form.

Only one copy of this Verdict Form will be provided to you.  If you make an error on the Form, please tell the bailiff.  The bailiff will destroy the erroneous form and a blank form will be provided.

Please notify the Bailiff when you have reached a verdict, but do not tell the Bailiff what your verdict is.  You shall keep the verdict forms, these instructions and the exhibits until the Court gives you further instructions.

(Tenth Circuit Criminal Pattern Jury Instructions § 1.23 (2011) (modified);
Colorado Jury Instructions—Civil § 4:1A; Colorado Jury Instructions—Civil § 4:2))