**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 11-cv-01468-WJM-BNB

SOLIDFX, LLC,

      Plaintiff,

v.

JEPPESEN SANDERSON, INC.,

      Defendant.

---

**ORDER GRANTING PLAINTIFF'S RULE 59(e) MOTION TO ALTER JUDGMENT**

---

Plaintiff SOLIDFX, LLC ("Plaintiff" or "SOLIDFX") brings this action against Defendant Jeppesen Sanderson, Inc. ("Defendant" or "Jeppesen") alleging breach of contract and various state law tort claims.  The Court held an eight-day jury trial, which resulted in the jury finding in Plaintiff's favor on all claims.  (ECF No. 343.)  The jury awarded Plaintiff the following damages: $42,308,000 on its claim for breach of contract (development of iPad apps); $615,000 on its claim for breach of contract (JIT for tailored terminal charts); $173,000 on its negligent misrepresentation claim; and $1 on each of the other claims.  (ECF No. 343-6.)

Post-trial, the Court granted in part Defendant's Rule 50(a) Motion, and ordered that the damages awarded to Plaintiff on its breach of contract claim related to the development of iPad apps be reduced to $21,537,503.  (ECF No. 369.)  Judgment was then entered and the case was closed.  (ECF No. 370.)

Before the Court is Plaintiff's Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) ("Motion").  (ECF No. 375.)  For the reasons set forth below, the Motion is granted.

## I.  LEGAL STANDARD

Rule 59(e) permits a Court to alter or amend a judgment on timely motion by a party.  Fed. R. Civ. P. 59(e).  "Rule [59(e)] was adopted to make clear that the district court possesses the power to rectify its own mistakes in the period immediately following the entry of judgment."  *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982) (internal quotation marks and brackets omitted).  Accordingly, the Court may amend the judgment in its discretion to correct clear error, including a misapprehension of the controlling law, or to prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

## II.  ANALYSIS

At trial, the jury awarded Plaintiff $42,308,000 on its breach of contract claim arising out of Jeppesen's denial of Plaintiff's ability to develop iPad apps that would display Jeppesen's terminal charts.  (ECF No. 343-6 at 1.)  Based on the evidence presented by the parties, this award included $20,922,500 for lost profits Plaintiff would have obtained during the initial five-year term of the contract, and $21,385,500 for lost business value assuming the contract was allowed to automatically renew for an additional five years.  (*See* ECF No. 369 at 3-4.)

In its renewed Rule 50(a) Motion, Defendant argued that any damages after the initial five-year term of the contract were barred because it had the ability to terminate the contract as of December 31, 2014.  (ECF No. 363 at 3.)  The Court held that

2

Colorado law did not bar recovery of damages after the initial term of the contract as a matter of law, but that Plaintiff had failed to introduce sufficient evidence to have allowed a reasonable juror to conclude that the contract would have been renewed and, therefore, all damages awarded for breach of contract beyond December 31, 2014 were speculative. (ECF No. 369 at 4, 8.)  Thus, the Court set aside the portion of the jury's verdict that awarded damages for lost business value beyond December 31, 2014. (*Id.* at 15.)

In the instant Motion, Plaintiff contends that the Court misapprehended the evidence presented at trial, which altered the Court's analysis such that it is clearly erroneous. (ECF No. 375 at 11-12.)  Specifically, Plaintiff points out that the Court incorrectly believed that George John's deposition testimony had not been admitted at trial when, in fact, excerpts of his deposition were read to the jury. (*Id.*; *see also* Trial Ex. 412.)

The Court agrees that the perceived absence of Mr. John's testimony was a significant factor in the earlier decision to vacate a portion of the jury's award.  In fact, the Court's Order stated "the fact that Plaintiff did not present Mr. John's opinion as substantive evidence is significant because it is undisputed that the contract between the parties was non-exclusive." (ECF No. 369 at 7.)  The Court also stated: "Because Mr. John's testimony was not admitted into evidence, there was no evidence upon which a juror could rely to find that Jeppesen would not have created its own app, regardless of the status of its contract with Plaintiff." (*Id.*)

Though Plaintiff did not cite Mr. John's testimony in its original opposition to Defendant's Rule 50(a) Motion (*see* ECF No. 360 at 7-8), Plaintiff now directs the Court

to the portion of the trial record in which Mr. John's deposition testimony was read to the jury.  (ECF No. 375 at 7-8.)  In this testimony, Mr. John stated that, based on his review of Jeppesen's communications, the company was either going to make its own iPad app or buy one from another company.  (Tr. Ex. 412 at 272.)  That is, Jeppesen did not seem to be seriously considering a strategy that would involve both buying an app from another company (through some sort of licensing agreement like that entered into with Plaintiff), and also making its own app in-house.  (*Id.*)  Mr. John's testimony buttresses Plaintiff's theory that, had Jeppesen allowed Plaintiff to develop an iPad app in 2010, Jeppesen would not have subsequently developed its own iPad app, and would therefore have been inclined to renew its licensing agreement with Plaintiff.

Coupling this testimony with other evidence in the record, the Court now finds that a reasonable juror could have concluded that Jeppesen would likely have allowed the contract to automatically renew, and that Plaintiff would have continued to profit from its iPad app.  Plaintiff's damages expert, Melinda Harper, testified that Plaintiff's iPad app would have been the first to market if the contract had not been breached, and that, in her professional experience, customers are not inclined to change providers once they have invested in a product.  (ECF No. 375-1 at 37-38.)  Ms. Harper's testimony was backed up by Rick Ellerbrock, a Jeppesen employee, who testified that, once airline customers had started to use a particular app, they were unlikely to switch. (ECF No. 375-1 at 65.)  This evidence suggests that, had Plaintiff been allowed to develop an iPad app and been permitted to market it to Jeppesen's customers, that ongoing customer relationship would have been an incentive for Jeppesen to renew its contract with Plaintiff.   (*Id.* at 74.)

4

The Court continues to believe that the evidence supporting Plaintiff's theory that Jeppesen would have renewed the contract beyond the initial five-year term is remarkably slim. However, in reviewing the sufficiency of the evidence supporting a jury's verdict post-trial, the Court must review all of the evidence presented, draw all reasonable inferences in favor of the nonmoving party, and "disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The Court is not permitted to make credibility determinations or reweigh the evidence, as these are jury functions. *Id.* When considering Mr. John's testimony in concert with the other testimony presented by Plaintiff, and given the overwhelming deference afforded a jury's verdict in the context of Defendant's post-trial Rule 50 motion, the Court finds that there is substantial evidence supporting the jury's verdict such that Defendant is not entitled to judgment as a matter of law on the portion of the damages awarded by the jury for lost business value. *See Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1269 (10th Cir. 2008) ("A party is entitled to judgment as a matter of law 'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'") (quoting *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 812 (10th Cir. 2000)).

Accordingly, the Court concludes that its earlier ruling vacating the jury's award of damages beyond December 31, 2014 was based on a misapprehension of the record. As such, Plaintiff is entitled to relief under Rule 59(e), and the Court orders that the judgment be amended to reinstate the full jury verdict on the breach of contract claim related to development of iPad apps. The Court directs the Clerk to amend the

5

judgment to include an additional $21,385,500 in damages for Plaintiff, and $328,106.00

in pre-judgment interest (70 days at $4,688.00 per day).

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.      Plaintiff's Motion to Amend Judgment Pursuant to Fed. R. Civ. P. 59(e) (ECF

Nos. 375 & 376) is GRANTED;

2.      The Clerk shall AMEND the Judgment as follows:

a.      The portion of the jury's verdict awarding damages for future lost business

value on the claim for breach of contract—development of iPad apps is

REINSTATED;

b.      Plaintiff is AWARDED an additional $21,385,500.00 in damages based on

the jury's verdict and an additional $328,106.00 in pre-judgment interest;

c.      Pursuant to the parties' Stipulations (ECF Nos. 373 & 374), Plaintiff is

AWARDED costs in the amount of $294,098.88.

Dated this 3rd day of February, 2015.

BY THE COURT:


_____
William J. Martinez
United States District Judge